# EXHIBIT A

Dockets.Justia.com

# CREW | citizens for responsibility and ethics in washington

September 27, 2006

FOIA Officer
National Archives and Records Administration
NGC-Room 3110
8601 Adelphi Road
College Park, MD 20740

By FAX to 301 837- 0293

Re: <u>FOIA Request</u>

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes, and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Specifically, CREW seeks any and all documents and records from any office within the National Archives and Records Administration, including its Office of General Counsel, its field offices, or regional offices described in the following categories:

1.    Any and all documents related to the request made by the National Archives and Records Administration ("NARA"), to the United States Secret Service, that the Secret Service retain its own copies of the Worker and Visitor Entrance System ("WAVES") records that it transferred to the White House.[1]

2.    Any and all communications both internally and between the National Archives and Records Administration and any other government agency or government entity, referencing the practice of the United States Secret Service to erase copies of WAVES records that it transferred to the White House.

3.    Any and all documents referring or relating to a practice by the Secret Service of deleting records from its computer system.

4.    Any and all documents and records referring or relating to <u>Judicial Watch v. United</u>

---

[1] In order to assist you in processing this request, for your convenience and to place this request in context, attached is a copy of the declaration of Kathy J. Lyerly. Paragraph 11 of that declaration refers to a request made by NARA. This FOIA request is, of course, not limited to the material described in that declaration; however, the material described certainly is a part of this request.

States Secret Service, Civ. Action No. 06-310 (United States District Court for the District of Columbia).

5.  Any and all documents and records referring or relating to Democratic National Committee v. United States Secret Service, Civ. Action No. 06-842 (United States District Court for the District of Columbia).

6.  Any and all documents and records referring or relating to Citizens for Responsibility and Ethics In Washington v. United States Department of Homeland Security, Civ. Action No. 06-883 (United States District Court for the District of Columbia).

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes, photographs, and back-up tapes. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts and notes of any such meetings and/or discussions to the extent they relate to the categories of requested documents.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 959 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after-information." King v. United States Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224, citing Mead Data Central v. United States Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. §552(b) ("Any reasonably segregable portion of a records shall be provided to any person requesting such record after deletion of the portions which are exempt ..."); see also Schiller v. Nat'l Labor Relations Bd., 964 F.2d 1205, 1209 (D.C. Cir. 1992). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible,

2

please state what portion of the document is non-exempt and how the material is dispersed throughout the documents. Mead Data Central, 566 F.2d at 261. Claims of non-segregability must be made with the same degree of detail as required for claims of exemption in a Vaughn index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

## Fee Waiver Request

In accordance with 5 U.S.C. §552(a)(4)(A)(iii) and agency regulations, CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the record retention operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). See, e.g., McClellan Ecological v. Carlucci, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding, and inform the public, concerning the recordkeeping practices of the Secret Service as they relate to White House visitor logs.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memoranda, reports or press releases. CREW has an established record of carrying out these types of activities, as evidenced through its website, www.citizensforethics.org. Currently, the CREW website contains links to thousands of pages of documents acquired from FOIA requests. See http://citizensforethics.org/activities/foia.php. Visitors to CREW's website can peruse the FOIA request letters, the responses from government agencies, and a growing number of documents responding to FOIA requests. CREW's virtual reading room provides around-the-clock access to anyone willing to learn about the government activities that were the focus of CREW's FOIA requests. The CREW website also includes documents relating to CREW's FOIA litigation, Internal Revenue Service complaints, and Federal Election Commission complaints.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

## Expedited Processing Request and Certification

CREW requests that this FOIA request be processed on an expedited basis. The subject matter of the request is of widespread and exceptional media interest, as is demonstrated in the following recent articles: Sharon Theimer, Associated Press, White House Logs Don't Show All the Visits by 2 GOP activists, September 22, 2006; John Solomon, Associated Press, Papers

Show Bush Allies' Inside Access, September 21, 2006; Michael Forsythe and Catherine Dodge, Bloomberg News, Lobbyist Access to White House Revealed in Secret Service Logs, September 21, 2006.

The information sought through this FOIA request involves possible questions about the government's integrity that may affect public confidence. The Secret Service, which is a component of the Department of Homeland Security, has indicated that it intentionally destroys WAVES records of visitors to the White House after it makes copies of those records for the White House. The National Archives and Records Administration is responsible for establishing policies and procedures for maintaining United States Government records, and it assists federal agencies in records management matters. According to declarations submitted in litigation, the Secret Service has stated that NARA was aware of the Secret Service practice of document destruction regarding its WAVES records. Expedited processing of this request will allow facts surrounding these important record retention policies to come to light.

By my signature affixed to this letter, I hereby certify that the foregoing statements contained in the preceding paragraph are true and correct to the best of my knowledge.

## Conclusion

Please respond to this request in writing on an expedited basis, but in any event, no later than within 20 days as requested under 5 U.S.C. §552(a)(6)(A)(I). If all of the requested documents are not available within that time period, CREW requests that you provide it with all requested documents or portions of documents that are available within that time period.

If you have any questions about this request or foresee problems in releasing fully the requested records, please call me as soon as possible. I can be reached at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact me immediately upon making such a determination. Please send the requested documents to Sharon Y. Eubanks, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Thank you for your attention to this matter.

Sincerely,

Sharon Y. Eubanks
Senior Counsel
Citizens for Responsibility and Ethics in Washington

Enclosure: Declaration of Kathy J. Lyerly, U.S. Secret Service

4

**ENCLOSURE**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

JUDICIAL WATCH,                                )
                                               )
            Plaintiff,                         )
                                               )
      v.                                       )
                                               )        Civil Action No. 06-310 (JGP)
UNITED STATES SECRET SERVICE,                  )
                                               )
            Defendant.                         )
                                               )

---

DECLARATION OF KATHY J. LYERLY
SPECIAL AGENT IN CHARGE, LIAISON DIVISION AND
FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER,
UNITED STATES SECRET SERVICE

I, Kathy J. Lyerly, hereby make the following declaration:

      1.     I am the Special Agent in Charge of the Liaison Division and the Freedom of Information and Privacy Acts (FOI/PA) Officer for the United States Secret Service (hereinafter Secret Service), which is a component of the Department of Homeland Security (DHS). I have been the Secret Service FOI/PA Officer since December 28, 2003, and have been employed with the Secret Service as a Special Agent (GS-1811) since October 26, 1987.

      2.     DHS regulations, Title 6, Code of Federal Regulations, Section 5.4, and Appendix A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as to whether to grant Freedom of Information Act (FOIA), 5 U.S.C. § 552, requests for Secret Service records (68 FR 4056, 4058, and 4069).

      3.     As the Secret Service's FOI/PA Officer, I am familiar with plaintiff's FOIA

request to the Secret Service. Under my direction, the Secret Service conducted a search for documents responsive to plaintiff's request. That search produced two records, both of which were released in full without redactions or claims of exemptions. A chronological description of the correspondence in this matter and the processing of plaintiff's FOIA request is set forth below.

4.     By letter to the Secret Service dated January 20, 2006, and received January 23, 2006, plaintiff submitted a FOIA request for records "concerning, relating to, or reflecting . . . [a]ll White House visitor logs from January 1, 2001 to present that reflect the entries and exit(s) of lobbyist Jack Abramoff from the White House."

5.     By letter dated February 2, 2006, I acknowledged receipt of plaintiff's FOIA request and advised plaintiff that a search for records responsive to the request was being conducted.

6.     There are two interrelated systems – collectively termed the White House Access Control System – for controlling and monitoring access to the White House Complex: the Worker and Visitor Entrance System ("WAVES") and the Access Control Records System ("ACR").

7.     ACR records consist of records generated when a pass holder, worker, or visitor swipes his or her permanent or temporary pass over one of the electronic pass readers located at entrances to and exits from the White House Complex. ACR records include information such as the pass holder's name and badge number, the time and date of the swipe, and the post at which the swipe was recorded.

8.     WAVES records consist of records generated when information is submitted to

the Secret Service about workers and visitors whose business requires their presence at the White House Complex. WAVES records include information additional to that in the ACR records.

9.    In response to plaintiff's request, the FOI/PA Office conducted a search for responsive information. This search was conducted under the direction of the Secret Service's Presidential Protective Division by personnel who conduct FOIA searches as part of their regular responsibilities. The Secret Service searched both the ACR records and the WAVES records for any and all records responsive to plaintiff's FOIA request.

10.    It has been the longstanding practice of the Secret Service to transfer WAVES records on CD-ROM to the White House every 30 to 60 days. Except as noted in paragraph 11 below, once the Secret Service transferred the WAVES records, the Secret Service ensured that those records were erased from its computer system.

11.    In October 2004, at the request of the National Archives and Records Administration, the Secret Service began temporarily retaining its own copy of the WAVES records that it transferred to the White House. As such, the Secret Service has in its possession WAVES records dating back only to October 2004.

12.    ACR records are stored in a searchable database. Records are searchable by visitor name. In this case, the Secret Service searched the ACR database by searching for records generated from January 1, 2001 to the date of the search that had the name "Jack Abramoff" in the visitor field. The Secret Service does not keep ACR records anywhere other than in this searchable database.

13.    WAVES records are stored in a searchable form on CD-ROMs. Records are

3

searchable by visitor name. In this case, the Secret Service explored the WAVES CD-ROMs by searching for records generated from October 2004 to the date of the search that had the name "Abramoff" in the visitor field. As noted in paragraph 11, the Secret Service only has in its possession WAVES records dating from October 2004.

14.    The Secret Service's search of the ACR records produced two pages of records responsive to plaintiff's FOIA request. These records show that Mr. Abramoff visited the White House Complex on March 6, 2001 and January 20, 2004. The two pages of ACR records responsive to plaintiff's FOIA request have slightly different formats because the ACR system changed somewhat between 2001 and 2004.

15.    The Secret Service's search of the WAVES records maintained by the Secret Service produced no WAVES records responsive to plaintiff's FOIA request.

16.    There are a variety of reasons why ACR records are not comprehensive as to entries and exits. For example, guests who visit the complex in a prearranged group for an official function or reception may not appear on the ACR records. In some of those instances visitors are granted entry without going through the turnstiles.

17.    No other documents responsive to plaintiff's FOIA request were found in the search.

18.    No document located in response to plaintiff's request has been withheld in part or in whole.

19.    Pursuant to the terms of a joint stipulation and agreed order, on May 10, 2006, defendant produced, without redactions or claims of exemptions, all documents located in response to plaintiff's January 20, 2006 FOIA request.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct to the best of my knowledge and belief.

_5/16/06_
Date

_Kathy J. Lyerly_
Kathy J. Lyerly
Special Agent in Charge, Liaison Division and
Freedom of Information and Privacy Acts Officer
United States Secret Service

# EXHIBIT B

 ## National Archives and Records Administration

*8601 Adelphi Road*
*College Park, Maryland 20740-6001*

October 20, 2006

Sharon Y. Eubanks
Senior Counsel
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, NW, Suite 450
Washington, DC 20005

<u>Acknowledgement: Freedom of Information Act Request NGC06-241</u>

Dear Ms. Eubanks:

This is in acknowledgement of your Freedom of Information Act (FOIA) request of September 27, 2006, for records, regardless of format, medium or physical characteristics, and including electronic records and information, audiotapes, videotapes, and photographs, pursuant to the FOIA. Specifically, CREW seeks any and all documents and records from any office within the National Archives and Records Administration (NARA) described in the following categories:

    1. Any and all documents related to requests made by NARA, to the United States Secret Service, that the Secret Service retain its own copies of the Workers and Visitors Entrance System ("WAVES") records that it transferred to the White House.

    2. Any and all communications both internally and between NARA and any other government agency or government entity, referencing the practice of the United States Secret Service to erase copies of WAVES records that it transferred to the White House.

    3. Any and all documents referring or relating to a practice by the Secret Service of deleting records from its computer system.

    4. Any and all documents and records referring or relating to *Judicial Watch v. United States Secret Service,* Civ. Action. No. 06-310 (United States District Court for the District of Columbia).

    5. Any and all documents and records referring or relating to *Democratic National Committee v. Unites States Secret Service*, Civ. Action. No. 06-842 (United States District Court for the District of Columbia).

    6. Any and all documents and records referring or relating to *Citizens for Responsibility and Ethics in Washington v. United States Department of Homeland Security*, Civ. Action. No. 06-883 (United States District Court for the District of Columbia).

In your request you ask for both expedited processing and a waiver of any fees associated with processing.

*NARA's web site is http://www.archives.gov*

You indicate that the basis of your request for expedited processing is that the requested information is of widespread and exceptional news interest. You also indicate that the information sought through this FOIA request involves possible questions about the government's integrity that may affect public confidence. We considered your request pursuant to guidelines established in our implementing regulations and have decided to grant your request for expedited processing. As authorized in your initial request, we will complete processing your request no later than within 20 working days as required under 5 USC 5525(a)(6)(A)(I). Accordingly, anticipate providing you with a response on or before October 25, 2006.

You also asked for a waiver of any fees associated with the processing of this request. In accordance with the provisions of the FOIA and NARA's implementing regulations, 36 C.F.R. § 1250.58, fee waivers are provided "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government and is not primarily in the commercial interest of the requester." We have evaluated your submission and determined that your organization does qualify for a fee waiver in this instance.

Please feel free to contact me if you have any questions or concerns. I can be reached at 301-837-2024 or by e-mail at ramona.oliver@nara.gov.

Sincerely,

RAMONA BRANCH OLIVER
NARA FOIA Officer
Office of General Counsel

**EXHIBIT C**

 # National Archives and Records Administration

*8601 Adelphi Road*
*College Park, Maryland 20740-6001*

October 24, 2006

**VIA FAX and First Class Mail**
Sharon Y. Eubanks
Senior Counsel
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, NW, Suite 450
Washington, DC 20005

Re:  Freedom of Information Act Request NGC06-241

Dear Ms. Eubanks:

This is in response to your Freedom of Information Act (FOIA) request of September 27, 2006, for records, regardless of format, medium or physical characteristics, and including electronic records and information, audiotapes, videotapes, and photographs, pursuant to the FOIA. Specifically, CREW seeks any and all documents and records from any office within the National Archives and Records Administration (NARA) described in the following categories:

1.  Any and all documents related to requests made by NARA, to the United States Secret Service, that the Secret Service retain its own copies of the Workers and Visitors Entrance System ("WAVES") records that it transferred to the White House.

2.  Any and all communications both internally and between NARA and any other government agency or government entity, referencing the practice of the United States Secret Service to erase copies of WAVES records that it transferred to the White House.

3.  Any and all documents referring or relating to a practice by the Secret Service of deleting records from its computer system.

4.  Any and all documents and records referring or relating to *Judicial Watch v. United States Secret Service*, Civ. Action. No. 06-310 (United States District Court for the District of Columbia).

5.  Any and all documents and records referring or relating to *Democratic National Committee v. Unites States Secret Service*, Civ. Action. No. 06-842 (United States District Court for the District of Columbia).

6.  Any and all documents and records referring or relating to *Citizens for Responsibility and Ethics in Washington v. United States Department of Homeland Security*, Civ. Action. No. 06-883 (United States District Court for the District of Columbia).

Your request was received in this office on September 27, 2006.

10/24/2006 14:50 FAX 3018370293          NARA GENERAL COUNSEL                    ☑003

We searched NARA's operational records and located 336 pages of records that are responsive to your request. We have excluded from this request copies of publicly available court filings in the above referenced litigation. We have determined that 31 pages are appropriate for disclosure in full. We are also releasing 11 pages in part with redactions pursuant to 5 USC 552(b)(5), which pertains to certain inter- and intra-agency communications protected by the deliberative process privilege. We are enclosing copies of the released documents. We are withholding 118 pages in full pursuant to 5 USC 552(b)(5), for information that is protected by the deliberative process privilege. The remaining 176 are being withheld in full pursuant to 5 USC 552(b)(5), for information that is protected from disclosure by both the deliberative process privilege and the attorney-work product privilege.

You may appeal this denial by writing to the Deputy Archivist (ND), National Archives and Records Administration, College Park, MD 20740 within 35 calendar days of this letter. Your appeal should explain why you think the withheld information should be disclosed. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

RAMONA BRANCH OLIVER
NARA FOIA Officer
Office of General Counsel

Enclosure

**EXHIBIT D**

# CREW | citizens for responsibility and ethics in washington

October 25, 2006

BY FAX to (301) 837-3218 and First-Class Mail

Deputy Archivist (ND)
National Archives and Records Administration
8601 Adelphi Road
College Park, Maryland 20740

Re: <u>Freedom of Information Act Appeal</u>

Dear Deputy Archivist:

By letter dated October 24, 2006, the National Archives and Records Administration ("NARA") responded to the September 27, 2006 Freedom of Information Act ("FOIA") request of Citizens for Responsibility and Ethics in Washington ("CREW"). Pursuant to 36 C.F.R. §1250.72, CREW hereby appeals that determination insofar as CREW's request was denied. A copy of CREW's initial request and the agency denial letter are enclosed.

In its FOIA request, CREW sought, generally, documents related to a request made by NARA to the United States Secret Service. According to papers filed by the government in federal district court, NARA requested that the Secret Service cease its destruction of visitor records that it transferred to the White House. As attested to in a declaration of Secret Service Special Agent Kathy J. Lyerly, signed under penalty of perjury and submitted to the United States District Court for the District of Columbia in at least two cases, NARA requested that the Secret Service retain copies of these transferred records and that it retain copies of WAVES records that it transferred to the White House. The responsive documents provided by NARA did not appear to include any communications with the Secret Service. In a follow-up conversation with Ramona Branch Oliver, NARA's FOIA and Privacy Act Officer, NARA refused to identify whether the agency has withheld any records that are responsive to this portion of CREW's request. Moreover, NARA did not provide any documents that address the issue of document destruction.

NARA's denial letter states that NARA's "operational records" were searched, and that 336 pages of responsive records were located. Without consulting CREW, NARA excluded from production copies of publicly available court filings. CREW, however, seeks production of any and all of those records as well, to the extent that they contain any marginalia. There is no exemption that has been identified, and these documents should be produced.

Among the documents disclosed, NARA has redacted 11 pages pursuant to Exemption 5, 5 U.S.C. §552(b)(5). In addition, NARA is withholding 118 pages in full under the same

exemption, and 176 documents under Exemption 5 as attorney work. NARA has offered no explanation or basis for its assertion of Exemption 5, except to say that the documents contain information protected by the deliberative process privilege.

Exemption 5 protects information about an agency's decision-making process. Here, NARA has not identified any decision it was making to which these documents pertain. In addition, although advice and recommendations involving a "deliberative process" on legal and policy matters may be withheld, the segregable, factual portions of documents must be disclosed. No basis under Exemption 5 has been offered for NARA's determination to withhold, completely, 294 pages without any disclosure of factual material contained in those documents. Nor has NARA stated that there are no segregable non-exempt portions of these documents that can be disclosed. Moreover, Exemption 5 would not be available to protect from disclosure documents that reflect how NARA has exercised its statutory record keeping obligations with respect to the Secret Service – the very documents CREW seeks here. It is the agency's burden to establish what deliberative process is involved, and the role played by the documents at issue in the course of that process. *See* Coastal States Gas Corp. v. DOE, 617 F.2d 854 (D.C. Cir. 1980). NARA has not met that burden here.

We also challenge NARA's withholdings under the attorney work product doctrine. The attorney work product doctrine protects documents and other memoranda prepared by an attorney in contemplation of litigation, including his or her mental impressions, conclusions, opinions, or legal theories. Fed. R. Civ. P. 26(b)(3). It ordinarily does not attach until some articulable claim likely to lead to litigation has arisen. NARA has not identified such a claim here.

Given the limited disclosure made by NARA, NARA's assertion that it has searched its "operational records" raises questions regarding the adequacy of the search, and CREW appeals on that basis, as well. CREW's request was not limited to a particular class of records; rather, it was directed to all documents and records from any office within NARA. It would appear that NARA's search, although accomplished in an expedited manner, was inadequate.

Accordingly, because NARA has failed to justify its withholdings under Exemption 5, and because the search for documents that it performed was not adequate to locate the documents requested by CREW under FOIA, CREW seeks reversal of NARA's determination to redact and withhold documents. CREW also requests that the agency conduct an adequate search or demonstrate more specifically how the search it has already conducted meets the requirements of the FOIA.

Finally, in view of the fact that NARA has granted CREW's request for expedition, we request that NARA also expedite its resolution of this appeal. As the courts have recognized, expedition under the FOIA requires agencies to process FOIA requests more quickly than they would process non-expedited requests. *See, e.g.*, <u>Electronic Privacy Information Center v. Dep't of Justice</u>, 416 F. Supp.2d 30, 39 (D.D.C. 2006).

Sincerely,

Sharon Y. Eubanks
Senior Counsel

Enclosures

3

# CREW | citizens for responsibility and ethics in washington

September 27, 2006

FOIA Officer
National Archives and Records Administration
NGC-Room 3110
8601 Adelphi Road
College Park, MD 20740

By FAX to 301 837- 0293

Re: FOIA Request

Dear Sir/Madam:

Citizens for Responsibility and Ethics in Washington ("CREW") makes this request for records, regardless of format, medium, or physical characteristics, and including electronic records and information, audiotapes, videotapes, and photographs, pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Specifically, CREW seeks any and all documents and records from any office within the National Archives and Records Administration, including its Office of General Counsel, its field offices, or regional offices described in the following categories:

1.   Any and all documents related to the request made by the National Archives and Records Administration ("NARA"), to the United States Secret Service, that the Secret Service retain its own copies of the Worker and Visitor Entrance System ("WAVES") records that it transferred to the White House.[1]

2.   Any and all communications both internally and between the National Archives and Records Administration and any other government agency or government entity, referencing the practice of the United States Secret Service to erase copies of WAVES records that it transferred to the White House.

3.   Any and all documents referring or relating to a practice by the Secret Service of deleting records from its computer system.

4.   Any and all documents and records referring or relating to <u>Judicial Watch v. United</u>

_____

[1]In order to assist you in processing this request, for your convenience and to place this request in context, attached is a copy of the declaration of Kathy J. Lyerly.  Paragraph 11 of that declaration refers to a request made by NARA.  This FOIA request is, of course, not limited to the material described in that declaration; however, the material described certainly is a part of this request.

States Secret Service, Civ. Action No. 06-310 (United States District Court for the District of Columbia).

5.    Any and all documents and records referring or relating to Democratic National Committee v. United States Secret Service, Civ. Action No. 06-842 (United States District Court for the District of Columbia).

6.    Any and all documents and records referring or relating to Citizens for Responsibility and Ethics In Washington v. United States Department of Homeland Security, Civ. Action No. 06-883 (United States District Court for the District of Columbia).

Please search for responsive records regardless of format, medium, or physical characteristics. We seek records of any kind, including electronic records, audiotapes, videotapes, photographs, and back-up tapes. Our request includes any telephone messages, voice mail messages, daily agenda and calendars, information about scheduled meetings and/or discussions, whether in-person or over the telephone, agendas for those meetings and/or discussions, participants included in those meetings and/or discussions, minutes of any such meetings and/or discussions, the topics discussed at those meetings and/or discussions, e-mail regarding meetings and/or discussions, e-mail or facsimiles sent as a result of those meetings and/or discussions, and transcripts and notes of any such meetings and/or discussions to the extent they relate to the categories of requested documents.

If it is your position that any portion of the requested records is exempt from disclosure, CREW requests that you provide an index of those documents as required under Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1972). As you are aware, a Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA." Founding Church of Scientology v. Bell, 603 F.2d 945, 959 (D.C. Cir. 1979). Moreover, the Vaughn index must "describe each document or portion thereof withheld, and for **each** withholding it must discuss the consequences of supplying the sought-after-information." King v. United States Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987) (emphasis added). Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'" Id. at 224, citing Mead Data Central v. United States Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977).

In the event that some portions of the requested records are properly exempt from disclosure, please disclose any reasonably segregable non-exempt portions of the requested records. See 5 U.S.C. §552(b) ("Any reasonably segregable portion of a records shall be provided to any person requesting such record after deletion of the portions which are exempt ..."); see also Schiller v. Nat'l Labor Relations Bd., 964 F.2d 1205, 1209 (D.C. Cir. 1992). If it is your position that a document contains non-exempt segments, but that those non-exempt segments are so dispersed throughout the document as to make segregation impossible,

2

please state what portion of the document is non-exempt and how the material is dispersed throughout the documents. <u>Mead Data Central</u>, 566 F.2d at 261. Claims of non-segregability must be made with the same degree of detail as required for claims of exemption in a <u>Vaughn</u> index. If a request is denied in whole, please state specifically that it is not reasonable to segregate portions of the record for release.

### Fee Waiver Request

In accordance with 5 U.S.C. §552(a)(4)(A)(iii) and agency regulations, CREW requests a waiver of fees associated with processing this request for records. The subject of this request concerns the record retention operations of the federal government and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. §552(a)(4)(A)(iii). <u>See</u>, <u>e.g.</u>, <u>McClellan Ecological v. Carlucci</u>, 835 F.2d 1282, 1285 (9th Cir. 1987). Specifically, these records are likely to contribute to the public's understanding, and inform the public, concerning the recordkeeping practices of the Secret Service as they relate to White House visitor logs.

CREW is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be aware of the activities of government officials and to ensuring the integrity of those officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the government decision-making process. The release of information garnered through this request is not in CREW's financial interest. CREW will analyze the information responsive to this request, and will likely share its analysis with the public, either through memoranda, reports or press releases. CREW has an established record of carrying out these types of activities, as evidenced through its website, <u>www.citizensforethics.org.</u> Currently, the CREW website contains links to thousands of pages of documents acquired from FOIA requests. <u>See</u> <u>http://citizensforethics.org/activities/foia.php</u>. Visitors to CREW's website can peruse the FOIA request letters, the responses from government agencies, and a growing number of documents responding to FOIA requests. CREW's virtual reading room provides around-the-clock access to anyone willing to learn about the government activities that were the focus of CREW's FOIA requests. The CREW website also includes documents relating to CREW's FOIA litigation, Internal Revenue Service complaints, and Federal Election Commission complaints.

Under these circumstances, CREW satisfies fully the criteria for a fee waiver.

### Expedited Processing Request and Certification

CREW requests that this FOIA request be processed on an expedited basis. The subject matter of the request is of widespread and exceptional media interest, as is demonstrated in the following recent articles: Sharon Theimer, Associated Press, <u>White House Logs Don't Show All the Visits by 2 GOP activists</u>, September 22, 2006; John Solomon, Associated Press, <u>Papers</u>

3

<u>Show Bush Allies' Inside Access</u>, September 21, 2006; Michael Forsythe and Catherine Dodge, Bloomberg News, <u>Lobbyist Access to White House Revealed in Secret Service Logs</u>, September 21, 2006.

The information sought through this FOIA request involves possible questions about the government's integrity that may affect public confidence. The Secret Service, which is a component of the Department of Homeland Security, has indicated that it intentionally destroys WAVES records of visitors to the White House after it makes copies of those records for the White House. The National Archives and Records Administration is responsible for establishing policies and procedures for maintaining United States Government records, and it assists federal agencies in records management matters. According to declarations submitted in litigation, the Secret Service has stated that NARA was aware of the Secret Service practice of document destruction regarding its WAVES records. Expedited processing of this request will allow facts surrounding these important record retention policies to come to light.

By my signature affixed to this letter, I hereby certify that the foregoing statements contained in the preceding paragraph are true and correct to the best of my knowledge.

### Conclusion

Please respond to this request in writing on an expedited basis, but in any event, no later than within 20 days as requested under 5 U.S.C. §552(a)(6)(A)(I). If all of the requested documents are not available within that time period, CREW requests that you provide it with all requested documents or portions of documents that are available within that time period.

If you have any questions about this request or foresee problems in releasing fully the requested records, please call me as soon as possible. I can be reached at (202) 408-5565. Also, if CREW's request for a fee waiver is not granted in full, please contact me immediately upon making such a determination. Please send the requested documents to Sharon Y. Eubanks, Citizens for Responsibility and Ethics in Washington, 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005.

Thank you for your attention to this matter.

Sincerely,

Sharon Y. Eubanks
Senior Counsel
Citizens for Responsibility and Ethics in Washington

Enclosure: Declaration of Kathy J. Lyerly, U.S. Secret Service

4

**ENCLOSURE**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUDICIAL WATCH, | ) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES SECRET SERVICE, | ) Civil Action No. 06-310 (JGP) |
| Defendant. | ) |

## DECLARATION OF KATHY J. LYERLY
## SPECIAL AGENT IN CHARGE, LIAISON DIVISION AND
## FREEDOM OF INFORMATION AND PRIVACY ACTS OFFICER,
## UNITED STATES SECRET SERVICE

I, Kathy J. Lyerly, hereby make the following declaration:

    1.    I am the Special Agent in Charge of the Liaison Division and the Freedom of Information and Privacy Acts (FOI/PA) Officer for the United States Secret Service (hereinafter Secret Service), which is a component of the Department of Homeland Security (DHS). I have been the Secret Service FOI/PA Officer since December 28, 2003, and have been employed with the Secret Service as a Special Agent (GS-1811) since October 26, 1987.

    2.    DHS regulations, Title 6, Code of Federal Regulations, Section 5.4, and Appendix A, II(I)(3), vest authority in the FOI/PA Officer, Secret Service, to make initial determinations as to whether to grant Freedom of Information Act (FOIA), 5 U.S.C. § 552, requests for Secret Service records (68 FR 4056, 4058, and 4069).

    3.    As the Secret Service's FOI/PA Officer, I am familiar with plaintiff's FOIA

request to the Secret Service. Under my direction, the Secret Service conducted a search for

documents responsive to plaintiff's request. That search produced two records, both of which

were released in full without redactions or claims of exemptions. A chronological description of

the correspondence in this matter and the processing of plaintiff's FOIA request is set forth

below.

4.    By letter to the Secret Service dated January 20, 2006, and received January 23,

2006, plaintiff submitted a FOIA request for records "concerning, relating to, or reflecting . . .

[a]ll White House visitor logs from January 1, 2001 to present that reflect the entries and exit(s)

of lobbyist Jack Abramoff from the White House."

5.    By letter dated February 2, 2006, I acknowledged receipt of plaintiff's FOIA

request and advised plaintiff that a search for records responsive to the request was being

conducted.

6.    There are two interrelated systems – collectively termed the White House Access

Control System – for controlling and monitoring access to the White House Complex: the

Worker and Visitor Entrance System ("WAVES") and the Access Control Records System

("ACR").

7.    ACR records consist of records generated when a pass holder, worker, or visitor

swipes his or her permanent or temporary pass over one of the electronic pass readers located at

entrances to and exits from the White House Complex. ACR records include information such

as the pass holder's name and badge number, the time and date of the swipe, and the post at

which the swipe was recorded.

8.    WAVES records consist of records generated when information is submitted to

2

the Secret Service about workers and visitors whose business requires their presence at the White House Complex. WAVES records include information additional to that in the ACR records.

9.     In response to plaintiff's request, the FOI/PA Office conducted a search for responsive information. This search was conducted under the direction of the Secret Service's Presidential Protective Division by personnel who conduct FOIA searches as part of their regular responsibilities. The Secret Service searched both the ACR records and the WAVES records for any and all records responsive to plaintiff's FOIA request.

10.     It has been the longstanding practice of the Secret Service to transfer WAVES records on CD-ROM to the White House every 30 to 60 days. Except as noted in paragraph 11 below, once the Secret Service transferred the WAVES records, the Secret Service ensured that those records were erased from its computer system.

11.     In October 2004, at the request of the National Archives and Records Administration, the Secret Service began temporarily retaining its own copy of the WAVES records that it transferred to the White House. As such, the Secret Service has in its possession WAVES records dating back only to October 2004.

12.     ACR records are stored in a searchable database. Records are searchable by visitor name. In this case, the Secret Service searched the ACR database by searching for records generated from January 1, 2001 to the date of the search that had the name "Jack Abramoff" in the visitor field. The Secret Service does not keep ACR records anywhere other than in this searchable database.

13.     WAVES records are stored in a searchable form on CD-ROMs. Records are

3

searchable by visitor name. In this case, the Secret Service explored the WAVES CD-ROMs by searching for records generated from October 2004 to the date of the search that had the name "Abramoff" in the visitor field. As noted in paragraph 11, the Secret Service only has in its possession WAVES records dating from October 2004.

14.    The Secret Service's search of the ACR records produced two pages of records responsive to plaintiff's FOIA request. These records show that Mr. Abramoff visited the White House Complex on March 6, 2001 and January 20, 2004. The two pages of ACR records responsive to plaintiff's FOIA request have slightly different formats because the ACR system changed somewhat between 2001 and 2004.

15.    The Secret Service's search of the WAVES records maintained by the Secret Service produced no WAVES records responsive to plaintiff's FOIA request.

16.    There are a variety of reasons why ACR records are not comprehensive as to entries and exits. For example, guests who visit the complex in a prearranged group for an official function or reception may not appear on the ACR records. In some of those instances visitors are granted entry without going through the turnstiles.

17.    No other documents responsive to plaintiff's FOIA request were found in the search.

18.    No document located in response to plaintiff's request has been withheld in part or in whole.

19.    Pursuant to the terms of a joint stipulation and agreed order, on May 10, 2006, defendant produced, without redactions or claims of exemptions, all documents located in response to plaintiff's January 20, 2006 FOIA request.

4

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing statements are true and correct to the best of my knowledge and belief.

_5/16/06_
Date

_Kathy J. Lyerly_
Kathy J. Lyerly
Special Agent in Charge, Liaison Division and
Freedom of Information and Privacy Acts Officer
United States Secret Service

10/24/2006 14:50 FAX 3018370293        NARA GENERAL COUNSEL        ☑002

 # National Archives and Records Administration

*8601 Adelphi Road*
*College Park, Maryland 20740-6001*

October 24, 2006

**VIA FAX and First Class Mail**
Sharon Y. Eubanks
Senior Counsel
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, NW, Suite 450
Washington, DC 20005

Re: Freedom of Information Act Request NGC06-241

Dear Ms. Eubanks:

This is in response to your Freedom of Information Act (FOIA) request of September 27, 2006, for records, regardless of format, medium or physical characteristics, and including electronic records and information, audiotapes, videotapes, and photographs, pursuant to the FOIA. Specifically, CREW seeks any and all documents from any office within the National Archives and Records Administration (NARA) described in the following categories:

1. Any and all documents related to requests made by NARA, to the United States Secret Service, that the Secret Service retain its own copies of the Workers and Visitors Entrance System ("WAVES") records that it transferred to the White House.

2. Any and all communications both internally and between NARA and any other government agency or government entity, referencing the practice of the United States Secret Service to erase copies of WAVES records that it transferred to the White House.

3. Any and all documents referring or relating to a practice by the Secret Service of deleting records from its computer system.

4. Any and all documents and records referring or relating to *Judicial Watch v. United States Secret Service*, Civ. Action. No. 06-310 (United States District Court for the District of Columbia).

5. Any and all documents and records referring or relating to *Democratic National Committee v. Unites States Secret Service*, Civ. Action. No. 06-842 (United States District Court for the District of Columbia).

6. Any and all documents and records referring or relating to *Citizens for Responsibility and Ethics in Washington v. United States Department of Homeland Security*, Civ. Action. No. 06-883 (United States District Court for the District of Columbia).

Your request was received in this office on September 27, 2006.

*NARA's web site is http://www.archives.gov*

We searched NARA's operational records and located 336 pages of records that are responsive to your request. We have excluded from this request copies of publicly available court filings in the above referenced litigation. We have determined that 31 pages are appropriate for disclosure in full. We are also releasing 11 pages in part with redactions pursuant to 5 USC 552(b)(5), which pertains to certain inter- and intra-agency communications protected by the deliberative process privilege. We are enclosing copies of the released documents. We are withholding 118 pages in full pursuant to 5 USC 552(b)(5), for information that is protected by the deliberative process privilege. The remaining 176 are being withheld in full pursuant to 5 USC 552(b)(5), for information that is protected from disclosure by both the deliberative process privilege and the attorney-work product privilege.

You may appeal this denial by writing to the Deputy Archivist (ND), National Archives and Records Administration, College Park, MD 20740 within 35 calendar days of this letter. Your appeal should explain why you think the withheld information should be disclosed. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

RAMONA BRANCH OLIVER
NARA FOIA Officer
Office of General Counsel

Enclosure

**EXHIBIT E**

 **National Archives and Records Administration**

*8601 Adelphi Road*
*College Park, Maryland  20740-6001*

NOV 2 8 2006

Via Fax (202.588.5020) and Regular Mail
Sharon Y. Eubanks
Senior Counsel
Citizens for Responsibility and Ethics in Washington
1400 Eye Street, N.W. Suite 450
Washington, D.C. 20005

Re:  Freedom of Information Act Appeal NGC07-001A

Dear Ms. Eubanks:

This is in further reply to your Freedom of Information Act appeal letter dated October 25, 2006, and received in this Office on that date, on behalf of Citizens for Responsibility and Ethics in Washington (CREW).   NARA previously granted expedition of your appeal by letter dated October 31, 2006.

Your original FOIA request of September 27, 2006, asked for documents in six categories.  The first three categories involved (i) any and all documents relating to requests made by NARA to the U.S. Secret Service regarding the retention of Workers and Visitors Entrance System ("WAVES") records, (ii) as communications both internal within NARA and between NARA and other government agencies or entities referencing the practice of the Secret Service to erase copies of WAVES records, and (iii) any documents referring or relating to the practice of the Secret Service deleting records from its computer system.  The remaining three categories of documents and records requested relate to three separate named lawsuits involving WAVES records.

In response to your initial request, NARA responded in a letter from Ramona Oliver, NARA's FOIA and Privacy Act Officer, dated October 24, 2006, in which we stated that we located 336 pages of responsive records.  Of these, 31 pages were provided to CREW in full, and an additional 11 were provided in part with redactions made pursuant to 5 U.S.C. 552(b)(5).  An additional 294 pages in total were withheld under (b)(5), either solely under the deliberative process privilege, or under both the deliberative process and attorney work-product privileges.  You have appealed all of these withholdings.

Your appeal letter raises two threshold objections to the scope of NARA's production and search, which I wish to first address before responding to your objections to withholding as a matter of FOIA law.

    1.  First, I can assure you that NARA's search to date for responsive records has been both adequate and comprehensive.  The reference to NARA searching its "operational" records, as used in Ms. Oliver's initial response, was not intended as a term of limitation; rather, the term was intended

to reflect that any records created and/or maintained by NARA staff while conducting NARA business were considered to be properly within the scope of the search. (NARA's regulations distinguish "operational" records from "archival" records, the latter being the "permanently valuable records of the United States Government that have been transferred to the legal custody of the Archivist of the United States." *See* 36 C.F.R. § 1250.2.)

The 336 pages of responsive material were found after an initial search was conducted for responsive records, including in NARA's Office of General Counsel, and relevant components of the Office of Records Services, Washington, D.C. in College Park, Maryland, responsible for handling recordkeeping matters involving the U.S. Secret Service. Staff searched for any responsive records contained in official NARA files, in personal workfiles, and on NARA's electronic mail system. NARA did not search in our archival holdings for records in response to your request. See generally 36 C.F.R. 1250.22 (c) (requests for records at the Clinton Presidential Library).

Also, in the intervening period since the original FOIA was received, NARA staff in the Office of General Counsel and in the Office of Presidential Libraries, Presidential Materials Staff, have located an additional 50 pages of responsive material. We are releasing 28 pages in part. The withheld additional materials fall under the Exemption (b)(5) deliberative process and attorney work-product privileges. Our explanation for the withholding of these additional materials is explained as part of the discussion which follows.

2. Second, you have questioned NARA's exclusion of copies of publicly available court filings from our response to the request, stating that CREW seeks production of these records "to the extent that they contain any marginalia." In response to further inquiries by staff, I can represent that no such marginalia on the court filing copies are known to exist. Accordingly, NARA believes it has satisfied this further portion of your request. If you still would like us to print out and send you these publicly available records, we will do so.

Turning to the further objections to our withholding of documents stated in your appeal letter, you first say that NARA has failed to provide a basis for our determination to withhold documents under Exemption 5. You go on to note that "Exemption 5 would not be available to protect from disclosure documents that reflect how NARA has exercised its statutory record keeping obligations with respect to the Secret Service." Finally, you challenge our withholdings under the attorney work product doctrine, inasmuch as it the doctrine "does not attach until some articulable claim likely to lead to litigation has arisen."

After examining the initial decision to withhold documents under Exemption 5, I have decided to release an additional 11 pages in whole and 57 in part from the initially withheld set of documents, but to otherwise uphold the remaining portions of NARA's initial determination, as explained below.

*Records Covered By The Deliberative Process Privilege.* One of the key purposes of the deliberative process privilege is, as you know, to protect the free flow of advice to agency decision-makers, including expressions of candid opinions within an agency. See *Federal Open Market Comm. v. Merrill*, 443 U.S. 340 (1979). The deliberative discussions reflected in all of the pages withheld, either in full or in part, principally constitute intra- and inter-agency deliberations with respect to the legal status of WAVES records. Over a period of years, NARA staff have been called upon to

engage in candid discussions regarding the records management issues surrounding WAVES records. Moreover, the predecisional character of these discussions is not altered by any final decisions that have been made with respect to the record status of WAVES records under the records laws.

*Records Covered By Both the Deliberative Process and Attorney Work Product Privileges.*
Of the documents originally withheld under both privileges, 155 pages constitute draft briefs received over the Internet from Justice Department attorneys in Federal Programs Branch, who transmitted the briefs for the routine purpose of obtaining the views of NARA lawyers prior to filing in Court. Additionally, 16 pages of emails from the original set withheld (now partially released), and a supplemental group of 28 pages of emails, also as partially released (see above), all constitute cover emails from DOJ either accompanying those briefs, or NARA lawyers' responses to what was sent. Both the draft briefs and those portions of the emails which continue to be withheld constitute documents covered under the core attorney work product privilege recognized in *Hickman v. Taylor*, 329 U.S. 425 (1947) and its progeny. Five additional pages constitute background information on WAVES records prepared by the Secret Service for attorneys at NARA and the Department of Justice, for which there was a reasonable anticipation of litigation. Finally, in reviewing the materials originally released, I believe that there are a substantial number of additional pages (included within both the original 118 pages withheld in full under the deliberative process privilege, as well as 11 partially so withheld) that appropriately qualify as also within the scope of the attorney work product privilege, as they reflect the mental impressions and opinions of counsel or in response to counsel's inquiries on a matter for which there was a reasonable anticipation of litigation.

Consistent with your request, NARA staff have conducted a further review of the responsive Federal records and released all segregable portions in accordance with 5 U.S.C. 552(b). Pursuant to case law established in *Neufeld v. IRS*, 646 F.2d 661, 663 (D.C. Cir. 1981), agencies have the discretion to withhold records in their entirety if they determine that the non-exempt portions are so "inextricably intertwined" that disclosure would yield documents that are unintelligible. Nevertheless, with respect to the withheld documents under (b)(5) we have decided to release certain transmission and receipt information from previously withheld email records.

Accordingly, I affirm our remaining initial determinations with regard to these records.

Your administrative remedies from your October 25, 2006, appeal are now exhausted. You may seek judicial review in the United States District Court for the judicial district in which you reside, the District of Columbia, or the District of Maryland, which is where the records are located.

Sincerely,

LEWIS J. BELLARDO
Deputy Archivist/Chief of Staff

Enclosures