UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 07-0048 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER

Defendant National Archives and Records Administration ("NARA") answers plaintiff's Complaint for declaratory and injunctive relief as follows:

### FIRST DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### SECOND DEFENSE

The court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that the request exceeds relief authorized by the FOIA.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Defendant answers the numbered paragraphs of plaintiff's Complaint as follows:

1.  This paragraph sets forth plaintiff's characterization and summary of this action,

to which no response by the defendant is required.

2. This paragraph sets forth plaintiff's characterization of the relief sought in this action, to which no response by the defendant is required.

### JURISDICTION AND VENUE

3. This paragraph sets forth plaintiff's conclusions of law regarding jurisdiction and venue, to which no response by the defendant is required.

### PARTIES

4-5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in these paragraphs.

6. Defendant specifically denies that it has failed to comply with the Freedom of Information Act. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph.

7. Defendant admits allegations of this paragraph.

### STATUTORY FRAMEWORK

8-15. These paragraphs set forth plaintiff's characterizations of certain statutory provisions and regulations, to which the Court is respectfully referred for a full and accurate statement of their contents.

### ALLEGED FACTS PURPORTEDLY
### GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

16. Defendant denies the allegations of this paragraph.

17. Defendant denies the first sentence of paragraph 17, except to note that WAVES records are presidential records, and therefore not subject to the Federal Records Act. Defendant

denies the second sentence of paragraph 17, except to note that the United States Secret Service is currently maintaining copies of WAVES records that remain at all times under the control of the White House Office (or the Office of the Vice President, where applicable).

18.     This paragraph purports to characterize filings in *The Washington Post v. U.S. Dep't of Homeland Security*, Civ. Action No. 06-1737 (D.D.C.), to which the Court is respectfully referred for a full and accurate statement of their contents.

19-21.  Defendant admits that it received a FOIA request dated September 27, 2006 from the plaintiff and that Exhibit A to plaintiff's Complaint is a copy of such request. The remainder of these paragraphs set forth plaintiff's characterizations and summaries of the request, to which the Court is respectfully referred for a full and accurate statement of its contents.

22.     Defendant admits that it sent plaintiff a letter dated October 20, 2006, and that Exhibit B to plaintiff's Complaint is a copy of such letter. The remainder of this paragraph sets forth plaintiff's characterizations and summaries of that letter, to which the Court is respectfully referred for a full and accurate statement of its contents.

23.     Defendant admits that it sent plaintiff a letter dated October 24, 2006, and that Exhibit C to plaintiff's Complaint is a copy of such letter. The remainder of this paragraph sets forth plaintiff's characterizations and summaries of that letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Defendant further avers that the October 24, 2006 letter may not have accurately reflected the number of pages that had in fact been originally identified and segregated as responsive to plaintiff's FOIA request. A small number of additional pages, some or all of which may be duplicative of the 336 pages identified as responsive, should also have been included in the overall number of pages identified in the letter

as being responsive to the FOIA request but that were being withheld under FOIA Exemption (b)(5).

24-25. Defendant admits that it received a letter dated October 25, 2006 from the plaintiff and that Exhibit D to plaintiff's Complaint is a copy of such letter. The remainder of these paragraphs set forth plaintiff's characterizations and summaries of that letter, to which the Court is respectfully referred for a full and accurate statement of its contents.

26-27. Defendant admits that it sent plaintiff a letter dated November 28, 2006, and that Exhibit E to plaintiff's Complaint is a copy of such letter. The remainder of these paragraphs set forth plaintiff's characterizations and summaries of that letter, to which the Court is respectfully referred for a full and accurate statement of its contents. Defendant specifically denies the portion of the third sentence of paragraph 26 alleging that defendant located an additional 336 pages of responsive material. Defendant avers that the Exhibit E states that defendant located only an additional 50 pages of responsive documents.

28. This paragraph sets forth plaintiff's conclusions of law regarding exhaustion, to which no response by the defendant is required.

## PLAINTIFF'S CLAIM FOR RELIEF

### PLAINTIFF'S CLAIM ONE

(Alleged Failure to Produce Records Under the FOIA)

29. Defendant incorporates by reference all preceding paragraphs.

30-32. These paragraphs set forth plaintiff's conclusions of law, to which no response by the defendant is required. Nevertheless, defendant specifically denies (1) that it failed to conduct a reasonable search, and (2) that it withheld non-exempt records requested by the plaintiff.

## **PLAINTIFF'S PRAYER FOR RELIEF**

This section of the Complaint sets forth plaintiff's prayer for relief, to which no response by the defendant is required. To the extent a response is deemed required, this section is denied.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

WHEREFORE, having fully answered, defendant prays that:

1. This Court enter judgment for defendant and dismiss this action with prejudice; and

2. Defendant be granted such further relief as this Court may deem just and proper.

February 12, 2007                               Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFERY A. TAYLOR
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director
D.C. Bar No. 418925

**/s/ Michael P. Abate**
MICHAEL P. ABATE
IL Bar No. 6285597
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
Mailing Address
P.O. Box 883
Washington, D.C. 20044
Delivery Address
20 Massachusetts Ave., N.W., Room 7302
Washington, D.C. 20001
Telephone:    (202) 616-8209
Facsimile:    (202) 616-8470

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 12th day of February 2007, I caused the foregoing Defendant's Answer to be served on plaintiff's counsel of record electronically by means of the Court's ECF system.


                                     /s/ Michael P. Abate