# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :    Civil Action No. 07-0048 (RBW) <br> : |
| NATIONAL ARCHIVES AND RECORDS ADMINISTRATION, | : <br> : <br> : |
| Defendant. | : <br> : |

## PLAINTIFF'S RULE 7(H) STATEMENT OF MATERIAL FACTS

Pursuant to LCvR 7(h), plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW"), submits this statement of material facts for which there is no genuine issue.

1. CREW is a nonprofit corporation dedicated to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials.  Complaint ¶ 4.

2. CREW is committed to empowering citizens to have an influential voice in government decisions and in the government decision-making process.  To accomplish this, CREW relies, in part, on the Freedom of Information Act ("FOIA") for information to assist it in providing the public with full, accurate and current information.  Complaint ¶¶ 4-6.

3. On or before October 2004, NARA requested that the Secret Service retain copies of all Workers and Visitors Entrance System ("WAVES") records that the Secret Service had transferred to the White House Office of Records Management.  Complaint ¶ 16.

4. The Secret Service, at the direction of the Office of the Vice President and/or the White House Office of Records Management, has communicated to NARA the view that

WAVES records are presidential records and are therefore not subject to the Federal Records Act. The Secret Service has agreed to maintain its copies of the WAVES records until a legal determination is made as to whether those records are agency records or presidential records. Complaint ¶ 17.

5. Both the Secret Service and the Office of the Vice President, in filings made in <u>The Washington Post v. U.S. Dep't of Homeland Security</u>, C.A. No. 1737 (D.D.C.), have admitted that NARA requested that the Secret Service retains its copies of WAVES records and that the Secret Service agreed to do so pending a legal determination as to whether records created under the White House Access Control System, which includes WAVES records and the Access Control Records System, are presidential records. Complaint ¶ 18.

6. On September 27, 2006, Plaintiff sent a FOIA request to NARA seeking records relating to the request made by NARA to the U.S. Secret Service "that the Secret Service retain its own copies of the Workers and Visitors Entrance System ("WAVES") records that it transferred to the White House." Complaint ¶ 19; Complaint Exhibit A. CREW also sought communications between NARA and any other governmental entity regarding the practice of the Secret Service to erase copies of WAVES records it had transferred to the White House, documents referring or relating to the practice of the Secret Service to delete records from its computer system and documents related to three pending district court cases: (I) <u>Judicial Watch v. U.S. Secret Service</u>, C.A. No. 06-310 ( (D.D.C.), (ii) <u>Democratic Nat'l Comm. v. U.S. Secret Service</u>, C.A. No. 06-842 (D.D.C.) and (iii) <u>CREW v. U.S. Dep't of Homeland Security</u>, C.A. No. 06-883 (D.D.C.). <u>Id</u>.

7. By letter dated October 24, 2006, NARA advised CREW that the agency had located

336 pages of documents responsive to CREW's FOIA request. Complaint ¶ 23; Complaint Exhibit C. NARA explained that it had excluded from the request copies of publicly available court filings. Id. Of the 336 pages of responsive documents, NARA disclosed 31 pages in full and 11 pages in part with redactions pursuant to Exemption 5 of the FOIA, 5 U.S.C. §552(b)(5), as inter- and intra-agency communications protected by the deliberative process privilege. Id. In addition, NARA withheld 118 pages in full as within the deliberative process privilege and protected by Exemption 5, and 176 pages in full as deliberative and attorney-work product also protected by Exemption 5. Id.

8. On October 25, 2006, CREW appealed the partial denial of CREW's FOIA request. Complaint ¶ 24; Complaint Exhibit D. On the scope and adequacy of NARA's search, CREW explained that NARA's production did not appear to be complete because it did not include any communications with the Secret Service, as CREW had expressly requested, and NARA had refused, in a follow-up telephone conversation with CREW, to identify whether the agency had withheld any records responsive to CREW's request for these communications. Id. NARA also failed to provide any documents that addressed the issue of the Secret Service's document destruction. Id. Moreover, to the extent NARA had excluded publicly available court filings, CREW explained that it was seeking production of those records that contain any marginalia. Id.

9. As to the exemption claims, CREW challenged NARA's failure to explain the basis for its assertion of Exemption 5 and its failure to state whether there are segregable, factual portions of documents that could be disclosed. Id. CREW also explained that Exemption 5 is not available to withhold documents that reflect how NARA has exercised its statutory record-keeping obligations with respect to the Secret Service. Id. As to NARA's reliance on the

attorney-work product to withhold documents under Exemption 5, CREW challenged NARA's failure to identify "some articulable claim likely to lead to litigation." Id.

10. By letter dated November 28, 2006, NARA responded to CREW's appeal. Complaint ¶ 26; Complaint Exhibit E.  NARA defended its search as "adequate and comprehensive." Id. NARA also advised CREW that subsequent to its initial search, the agency had located an additional 336 pages of responsive material in NARA's Office of General Counsel and components of the Office of Records Services and an additional 50 pages of material found by staff in the Office of General Counsel and the Office of Presidential Libraries in an unidentified location.  Id.  Of those 50 pages, NARA released 28 pages with redactions under Exemption 5, and withheld 22 pages in full also pursuant to Exemption 5.  Id.  NARA's letter of November 28, 2006, also advised CREW that with respect to the publicly available court filings, they contained no marginalia.  Id.

11.  With respect to CREW's appeal of NARA's exemption claims, NARA released an additional 11 pages in whole and 57 pages in part and otherwise upheld NARA's initial determination to withhold the remaining portions under Exemption 5.  Complaint ¶ 27. According to NARA, the deliberative discussions reflected in the withheld documents "constitute intra- and inter-agency deliberations with respect to the legal status of WAVES records."  Id.  NARA claimed that their predecisional character was not altered "by any final decisions that have been made with respect to the record status of WAVES records under the records laws."  Id.  NARA justified its initial claim of attorney-work product privilege by its claim that the withheld material consists of draft briefs sent to NARA from Department of Justice attorneys prior to their filing along with emails related to those drafts, five pages of

4

background information on WAVES records prepared by the Secret Service in anticipation of litigation, and documents that "reflect the mental impressions of counsel" or respond to counsel's inquiries.  Id.

    12.  CREW initiated this action with the filing of its complaint on January 10, 2007.

                                  Respectfully submitted,

                                   /s/
                                Anne L. Weismann
                                (D.C. Bar No. 298190)
                                Kimberly D. Perkins
                                (D.C. Bar No. 481460)
                                Citizens for Responsibility and Ethics
                                 in Washington
                                1400 Eye Street, N.W., Suite 450
                                Washington, D.C.  20005
                                Phone: (20) 408-5565
                                Fax: (202) 588-5020

                                Attorneys for Plaintiff

Dated: June 6, 2007