UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CITIZENS FOR RESPONSIBILITY AND     )
ETHICS IN WASHINGTON                )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     Civil Action No. 07-0048 (RBW)
                                    )
NATIONAL ARCHIVES AND               )
RECORDS ADMINISTRATION              )
                                    )
          Defendant.                )
_____)

**SUPPLEMENTAL MEMORANDUM OPINION[1]**

The plaintiff filed this lawsuit on January 10, 2007, challenging the defendant's failure to produce records in response to its September 27, 2006 Freedom of Information Act ("FOIA") request. Citizens for Responsibility and Ethics in Wash. v. Nat'l Archives & Records Admin. ("CREW"), 583 F. Supp. 2d 146, 152-54 (D.D.C. 2008). The defendant filed a motion for summary judgment on May 7, 2007, Defendant's Motion for Summary Judgment ("Def.'s Mot."), which the plaintiff opposed on June 6, 2007, and also moved for summary judgment in its favor, Plaintiff's Motion for Summary Judgment ("Pl.'s Mot."). The Court granted in part and denied in part both cross-motions for summary judgment and ordered the defendant to provide certain documents to the Court for its in camera review to determine whether these documents should be disclosed to the plaintiff. CREW, 583 F. Supp. 2d at 168-69. Those documents were provided to the Court for its in camera review[2] and for the reasons set forth in

---

[1] This Supplemental Memorandum Opinion supplements the Court's October 28, 2008 Amended Memorandum Opinion granting in part and denying in part both parties' cross-motions for summary judgment.

[2] In addition to reviewing the documents, the Court also considered the following submissions in reaching its decision: Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment ("Def.'s
(continued . . .)

1

this Memorandum Opinion, the Court must deny the plaintiff's request for the disclosure of the thirteen documents that remained in dispute following the issuance of the Court's earlier opinion.[3]  Id. at 161-62.

## I. BACKGROUND

Pursuant to this Court's Amended Order of October 28, 2008, the defendant filed the Second Supplemental Declaration of Gary M. Stern on November 26, 2008, to further explain and support its partial withholding of document 3 and to supplement Mr. Stern's declarations of May 7 and June 21, 2007, with regard to documents 13 and 14.  Defendant's Notice of Filing and In Camera Submission ("Def.'s Notice"); id. at Ex. 1 (Second Supplemental Declaration of Gary M. Stern ("Second Supp. Stern Decl.")) ¶ 1.  Additionally, pursuant to the October 28, 2008 Order, the defendant submitted for the Court's in camera review documents 12-15, 16-18, 18a, 24, 26-27, and 29-30 as listed in its Vaughn Index, to resolve this Court's concerns regarding the basis upon which these documents had been withheld.  Def.'s Notice at 1.

The defendant relies upon two privileges as support for its full or partial withholding of the thirteen documents the plaintiff seeks pursuant to the FOIA, twelve of which the Court ordered produced for its in camera inspection.[4]  Def.'s Mem. at 7-11.  Specifically, the defendant

---

(. . . continued)
Mem."); Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Memorandum in Support of Plaintiff's Cross-Motion for Summary Judgment; Defendant's Reply in Support of its Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Def.'s Reply"); the Plaintiff's Reply in Support of its Cross-Motion for Summary Judgment ("Pl.'s Reply"); and Defendant's Notice of Filing and In Camera Submission ("Def.'s Notice").

[3]  The only documents withheld by the defendant that the plaintiff now challenges are documents 3, 12-15, 16-18, 18a, 24, 26-27, and 29-30 as listed in defendant's Vaughn Index, Pl.'s Mot. at 8 n.2, 14 n.6, 15 n.8, 17 n.9, 22 n.10, 23 n.11; Pl.'s Reply at 9 n.2, 12 n.3, and the defendant has already made partial disclosures of documents 3, 15, 16, 18a, 24, 27, 29-30, Def.'s Notice.

[4]  The Court declined to order in camera review of document 3, instead ordering the defendant to submit a more detailed explanation in support of its withholding of this document under Exemption 5 of the FOIA.  CREW, 583 F. Supp. 2d at 169.

2

asserts that some of the undisclosed information is protected from disclosure by the deliberative process privilege of Exemption 5 of the FOIA, Def.'s Reply at 1, and that it is not required to release any further portions of documents 12-15, 16-18, 18a, 24, 27, and 29-30 because Exemption 5 of the FOIA also shields from disclosure attorney work-product, id. at 6, 10, 14-17, 22, 24. The plaintiff challenges the defendant's reliance on both privileges. See generally Pl.'s Reply.

## II. STANDARD OF REVIEW

**A.     Exemption 5 of the FOIA**

Exemption 5 of the FOIA provides that "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" are not subject to disclosure under the FOIA. 5 U.S.C. § 552(b)(5). In order for an agency to prevail under the privilege against disclosure of an agency document, the document's "source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001). And "the parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not 'available' in discovery, it may be withheld from FOIA requesters." Burka v. Dep't of Health & Human Servs., 87 F.3d 508, 516 (D.C. Cir. 1996). In other words, if a document would not be subject to disclosure in the civil discovery context, it is exempt from disclosure under the FOIA. Id. On the other hand, if a document would be subject to disclosure in the civil discovery context, it must be disclosed under the FOIA. Id. Thus, Exemption 5 has been construed "to exempt those documents, and only those documents, normally privileged in the civil discovery context," those privileges being:

(1) the deliberative process privilege "(sometimes referred to as 'executive privilege')"; (2) the attorney-client privilege; and (3) the attorney work-product privilege. NLRB v. Sears, Roebuck, & Co., 421 U.S. 132, 148-49 (1975); see also Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 862, 864-66 (D.C. Cir. 1980). Only the work-product and deliberative process privileges are at issue here.

### i. Attorney Work-Product Privilege

As noted in this Court's prior memorandum opinion in this case, CREW, 583 F. Supp. 2d at 158, the attorney work-product privilege is properly asserted as grounds for withholding "documents prepared in contemplation of litigation." Coastal States, 617 F.2d at 864. The purpose of the privilege is to "provide[] a working attorney with a 'zone of privacy' within which to think, plan, weigh facts and evidence . . . and prepare legal theories" without fear that the information will be disclosed in litigation. Id. However, the "work-product rule does not extend to every written document generated by an attorney [or] shield from disclosure everything that a lawyer does." Id. Instead, it is only applicable to "materials 'prepared in anticipation of litigation or for trial.'" Id. (quoting Jordan v. Dep't of Justice, 591 F.2d 753, 775 (1978)).

Where the work-product privilege is relied upon as the basis of nondisclosure (unlike the deliberative process privilege), "any part of a document prepared in anticipation of litigation . . . is protected by the work product doctrine and falls under exemption 5." Judicial Watch, Inc. v. Dep't of Justice, 432 F.3d 366, 371 (D.C. Cir. 2005) (internal quotation marks omitted) (quoting Tax Analysts v. IRS, 117 F.3d 607, 620 (D.C. Cir. 1997)). Specifically, "factual material is itself privileged when it appears within documents that are attorney work product. If a document is fully protected as work product, then segregability is not required." Id.

### ii. The Deliberative Process Privilege

This Court also discussed the deliberative process privilege in its earlier memorandum opinion in this case, CREW, 583 F. Supp. 2d at 156-57, so only a brief review of this privilege is necessary here. The deliberative process privilege exists to protect from disclosure "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Sears, Roebuck, 421 U.S. at 150 (internal quotation marks omitted), cited in Klamath, 532 U.S. at 8. It is designed to promote "candid discussion within the agency," and its decisionmaking process which advances "the agency's ability to perform its functions." Formaldehyde Inst. v. Dep't of Health and Human Servs., 889 F.2d 1118, 1122 (D.C. Cir. 1989) (quoting Dudman Commc'ns Corp. v. Dep't of the Air Force, 815 F.2d 1565, 1568 (D.C. Cir. 1987)).

"Information is exempt [under the deliberative process privilege] only if it is both 'predecisional' and 'deliberative'." Nat'l Ass'n of Home Builders v. Norton, 309 F.3d 26, 39 (D.C. Cir. 2002). "A document is predecisional if it was 'prepared in order to assist an agency decisionmaker in arriving at his decision,' rather than to support a decision already made." Petroleum Info. Corp. v. Dep't of Interior, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (quoting Renegotiation Bd. v. Grumman Aircraft Eng'g Corp., 421 U.S. 168, 184 (1975)). By contrast, a document cannot be characterized as predecisional "if it is adopted, formally or informally, as the agency position on an issue." Coastal States, 617 F.2d at 866. Examples of predecisional documents include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." Id.

In order to be withheld, a predecisional document must also be <u>deliberative</u>. A document is deliberative if the "materials . . . bear on the formulation or exercise of agency policy-oriented judgment." <u>Petroleum Info.</u>, 976 F.2d at 1435. The information must be "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." <u>Vaughn v. Rosen</u>, 523 F.2d 1136, 1144 (D.C. Cir. 1975). The information may also concern "factual summaries that were written to assist [in] the making of a discretionary decision." <u>Mapother v. Dep't of Justice</u>, 3 F.3d 1533, 1539 (D.C. Cir. 1993). However, "[f]actual material is not protected under the deliberative process privilege unless it is 'inextricably intertwined' with the deliberative material." <u>Judicial Watch</u>, 432 F.3d at 372 (citing <u>In re Sealed Case</u>, 121 F.3d 729, 737 (D.C. Cir. 1997)).

Most importantly, for the deliberative privilege to apply, the document must reflect the "give-and-take of the consultative process." <u>Senate of P.R. v. Dep't of Justice</u>, 823 F.2d 574, 585 (D.C. Cir. 1987). Although there are many cases in this Circuit which discuss the deliberative process privilege, these cases "are of limited help . . . because the deliberative process privilege is so dependent upon the individual document and the role it plays in the administrative process." <u>Coastal States</u>, 617 F.2d at 867. However, the line of decisions in this Circuit concerning the privilege evince a "strong theme" that "an agency will not be permitted to develop a body of 'secret law,' used by it in the discharge of its regulatory duties and in its dealings with the public, but hidden behind a veil of privilege . . . ." <u>Id.</u>

## III. LEGAL ANALYSIS

### A.     Documents Withheld by the Defendant Under the Work-Product Privilege

The defendant asserts that the attorney work-product privilege applies to documents 12-15, 16-18, 18a, 24, 27, and 29-30 of its Vaughn Index.  See Def.'s Mot., Ex. 3 (Vaughn Index of Withheld Documents "Vaughn Index")).  The defendant claims that documents 12-15 and 16-17 related to a 2001 proposal regarding the Workers and Visitors Entrance System ("WAVES") and that documents 18, 18a, 24, 27, and 29-30 relate to a 2004 WAVES proposal.[5]  Id.  In rendering its earlier decision, the Court concluded that the defendant had failed to meet its burden through its affidavits and Vaughn Index of establishing that the documents were "drafted by NARA in formulating policy" (its deliberative process privilege claim) or "prepared in contemplation of litigation" (its attorney work-product claim).  CREW, 583 F. Supp. 2d at 160-63.  In regards to the work-product claim, while the Court did hold, with regard to documents 5 and 7, that the defendant could have reasonably anticipated that there would be litigation with respect to its classification of WAVES records, it was unclear from the Vaughn Index whether the remaining documents were prepared with that anticipation.  Id. at 159-62.

Now, after its in camera review of documents 12-15, 16-18, 18a, 24, 27, and 29-30, the Court agrees with the defendant that these documents have properly been withheld under the attorney work-product privilege.  The Court's review of the documents revealed that they appear to have been prepared in anticipation of litigation, and as discussed in the Court's earlier opinion, the defendant's anticipation that litigation would occur was reasonable.  Id. at 159-62.  Thus, the defendant has properly withheld production of these documents.

---

[5]     Document 26 also relates to the 2004 proposal, but the defendant has not asserted the attorney work-product privilege regarding this document, as the author and recipient are evidently unknown.  Def.'s Mot. at 21, n.6.

7

**B.      Documents Withheld by Defendant Under the Deliberative Process Privilege**

As discussed above, the attorney work-product privilege has been properly asserted in regards to documents 12-15, 16-18, 18a, 24, 27, and 29. Because these documents have been properly withheld in their entirety under this privilege, the Court need not reach the question of whether they have also been properly withheld under the deliberative process privilege. The withholding of documents 3 and 26, however, must be assessed under the deliberative process privilege.

   **i.      Document 3**

"Document 3 is a one-page, undated cover memorandum, [which is] entitled 'U.S. Secret Service White House Division Workers and Visitors Entrance System (WAVES), Job No. N1-87-93-03,' along with an attached draft records schedule." Def.'s Notice, Ex. 1 (Second Supp. Stern Decl.) ¶ 2. The defendant "made a discretionary release of the accompanying draft records schedule and a segregable factual portion of the cover memorandum [and has] withheld . . . approximately one-half of [the cover memorandum]." Id. The defendant claims that the remaining portion of document 3 was properly withheld pursuant to the deliberative process privilege. Def.'s Mot., Ex. 1 (Decl. of Gary M. Stern) ¶ 17; Def.'s Mot., Ex. 3 (Vaughn Index) at 1; Def.'s Notice, Ex. 1 (Second Supp. Stern Decl.) ¶¶ 2-4. In its earlier opinion, the Court found that the defendant failed to meet its burden of showing that its non-production was proper under the deliberative process privilege because its explanation was "silent on whether [the information withheld] relates to discussions between subordinates and superiors or was prepared in order to assist an agency decision-maker in arriving at his decision, rather than to support a decision already rendered." CREW, 583 F. Supp. 2d at 159. The Court therefore ordered a more detailed explanation as to why the information had been properly withheld. Id.

In response to that order, Mr. Stern, the defendant's General Counsel, declares that

> the withheld portion [of document 3] consists of (1) a number of bullet points and (2) a few handwritten notations. The bullet points summarize the input and views of the Secret Service, various NARA offices, and personnel elsewhere in the Executive Branch regarding the proper status and handling of WAVES records. The handwritten notations reflect the thoughts and reactions of an unidentified NARA employee.

Def.'s Notice, Ex. 1 (Second Supp. Stern Decl.) ¶ 3; see also Def.'s Mot., Ex. 1 (Decl. of Gary M. Stern) ¶ 17 (stating the defendant's intention to make a discretionary release of a segregable factual portion of document 3). Importantly, Mr. Stern declares that "[n]othing in the withheld portion states or even recommends a conclusion or final position." Def.'s Notice, Ex. 1 (Second Supp. Stern Decl.) ¶ 3.

Upon reviewing Mr. Stern's declaration, the Court concludes that the portion of document 3 that was not released by the defendant was properly withheld. Mr. Stern's initial declaration indicated that the document was deliberative, Def.'s Mot., Ex. 1 (Decl. of Gary M. Stern) ¶ 17, and his additional declaration indicates that it is predecisional as well, Def.'s Notice, Ex. 1 (Second Supp. Stern Decl.) ¶¶ 2-4. The Court finds these representations convincing. Moreover, it further appears that the defendant has already released the portion of the document that is segregable, which, as discussed earlier, comports with the FOIA because even a proper assertion of the deliberative process privilege does not encompass factual matters that are separable from the deliberative portion of the document. Judicial Watch, 432 F.3d at 372 (holding that "[f]actual material is not protected under the deliberative process privilege unless it is 'inextricably intertwined' with the deliberative material" (citing Sealed Case, 121 F.3d at 737)). Accordingly, no further disclosure of document 3 is required.

### ii. Document 26

The final document the Court must assess under the deliberative process privilege is document 26, which the defendant describes as an "internal NARA draft document . . . analyzing legal issues surrounding the transfer and disposition of WAVES records maintained by the USSS." Def.'s Mot., Ex. 3 (Vaughn Index) at 8. Contrary to plaintiff's assertion that document 26 is part of a group of documents that "consist of the legal views of NARA's general counsel," Pl.'s Mot. at 15, this document actually does not identify or reveal any information about its author, nor the recipient, nor does it appear to contain any substantive legal analysis or opinions. The Court's specific concern as to this document was that it was unclear from the defendant's Vaughn Index whether the document was "drafted by [the defendant] in formulating policy" and "what role the document[] played in the administrative process," CREW, 583 F. Supp. 2d at 161-62, but the Court's in camera review of the document has resolved that concern. The Court is therefore now able to discern that the document was both deliberative and predecisional, and was properly withheld. Further, there do not appear to be segregable factual statements in the document that the defendant has improperly failed to release. Thus, the Court concludes that the document has been properly withheld in full.

### IV.  CONCLUSION

After an in camera review of the remaining documents at issue, this Court finds that there is sufficient evidence to support the defendant's assertions of the attorney work-product and deliberative process privileges as to these documents. Accordingly, the defendant's motion for summary judgment is now granted in all aspects, and the plaintiff's cross-motion for summary judgment is now denied in total.[6]

---

[6]  A Supplemental Order accompanies this Supplemental Memorandum Opinion.

10

_____/s/_____
Reggie B. Walton
United States District Judge